IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-00138-01-CR-W-BP |
| | ) | |
| DARRELL L. GIVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO DISMISS**

Defendant Darrell L. Givens has been indicted on one count each of possession with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. (Doc. 13.) Defendant filed a Motion to Suppress, (Doc. 39), seeking to suppress evidence of a firearm, a vial of PCP, and cash. He raised several arguments including that Officer Lightner's muted body microphone violated his Fifth Amendment rights and that the seizure of the gun violated the Fourth Amendment because police had neither a warrant nor consent to search. He also filed a Motion to Dismiss, (Doc. 43), contending, among other things, that Detective DeValkenaere made false statements to the grand jury, the Government did not question the grand jury to see if they were impartial in violation of the Fifth Amendment, and that Detective DeValkenaere violated his Fifth Amendment rights by continuing to question him after he invoked his right to remain silent.

The Honorable Robert E. Larsen, Magistrate Judge for this District, held a hearing on November 7, 2016, and he issued two reports on November 18, 2016 recommending that the Motion to Suppress and Motion to Dismiss be denied. (Docs. 71, 72.) Defendant has not

objected to Judge Larsen's Reports and Recommendations ("the Reports") and the time for doing so has passed. Although the time for the Government to respond has not passed, given the nature of the Court's ruling there is no need to wait for the Government's reply.

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, and the exhibits admitted during the hearing. Having conducted this review, the Court adopts the Reports in their entirety as the Order of the Court and denies the Motion to Suppress and the Motion to Dismiss. Given the Reports' thoroughness there is no need for extended discussion.

In regards to the Motion to Suppress, the Court finds that Officer Lightner's accidental muting of the body recording did not violate Defendant's Fifth Amendment rights because a violation of Department of Justice or Kansas City Police Department protocol does not create enforceable rights. Additionally, the Court finds that the officers did not violate the Fourth Amendment when they entered the residence without a warrant and without permission. The community caretaking function permits police to enter a residence without a warrant if the officer has a reasonable belief that an emergency exists requiring his or her attention. *Mincey v. Arizona*, 437 U.S. 385, 392-393 (1978); *United States v. Quezada*, 448 F.3d 1005, 1007 (8th Cir. 2006); *United States v. Nord*, 586 F.2d 1288, 1291 n.5 (8th Cir. 1978). Here, the officers were called to the residence on a disturbance. Prior to entering the residence, they heard loud arguing coming from within and a woman inside yelled that a man had a gun and he was putting it in the sink. As the officers entered the residence they heard a metal on metal sound and observed there were multiple people in the house. Because of the community caretaking exception to the

2

warrant requirement, the officers did not need a warrant or consent when they entered the residence and searched the sink to secure the gun.

In regards to the Motion to Dismiss, a large part the Motion deals with credibility issues, which are not grounds for dismissing an indictment. Defendant argues his Fifth Amendment rights were violated when the prosecutor failed to ask if members of the grand jury were impartial. Defendant has failed to present a prima facie case of invidious discrimination in the composition of the grand jury. Defendant also argues that his Fifth Amended rights were violated when Detective DeValkenaere continued to question Defendant after he invoked his right to remain silent. Defendant's statement "Nah, we ain't getting into all that now," is not an invocation of his right to remain silent, especially considering Defendant continued to ask questions and participate in the conversation with Detective DeValkenare.

For these reasons, the Court **ADOPTS** Judge Larsen's Reports and Recommendations, (Docs. 71, 72), and **DENIES** the Motion to Suppress, (Doc. 39), and the Motion to Dismiss. (Doc. 43.)

**IT IS SO ORDERED.**

DATE: December 5, 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT